Matter of Roberts v Aurivichitaroon

2026 NY Slip Op 03169

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Denia A. Roberts, respondent,

v

Sakdi Aurivichitaroon, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2025-01490, (Docket No. F-4700-20)

Colleen D. Duffy, J.P.

Betsy Barros

Barry E. Warhit

Lisa S. Ottley, JJ.

Horn Appellate Group, Brooklyn, NY (Scott T. Horn of counsel), for appellant.

Denia Roberts, named herein as Denia A. Roberts, Mount Vernon, NY, respondent pro se.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Melissa A. Loehr, J.), dated December 18, 2024. The order denied the father's objections to an amended order of the same court (Carol A. Jordan, S.M.) dated October 18, 2024, which, after a hearing, determined that the mother was the custodial parent for the purposes of child support.

ORDERED that the order is affirmed, with costs.

The parties, who were never married, have two children together. In July 2020, the mother commenced this proceeding pursuant to Family Court Act article 4 for child support from the father. In an order dated November 1, 2021, after a hearing, the Support Magistrate directed the father to pay $1,063 biweekly for basic child support. Thereafter, the father filed objections to the Support Magistrate's order, arguing, inter alia, that the Support Magistrate improperly determined the mother to be the custodial parent. In an order dated February 22, 2022, the Family Court denied the father's objections but remitted the matter to the Support Magistrate for further clarification as to how she reached the custodial parent determination. In an amended order dated October 18, 2024, the Support Magistrate presented further findings relating to her finding that the mother was the custodial parent. In an order dated December 18, 2024, the court denied the father's objections to the amended order. The father appeals.

The "custodial parent" within the meaning of the Child Support Standards Act is the parent who has physical custody of the child for the majority of the time (see Bast v Rossoff, 91 NY2d 723, 728; Cicale v Cicale, 231 AD3d 705, 707). "Where neither parent has the child for a majority of the time, the parent with the higher income, who bears the greater share of the child support obligation, should be deemed the noncustodial parent for the purposes of child support" (Matter of Conway v Gartmond, 144 AD3d 795, 796; see Matter of Cotter v Meng, 212 AD3d 610, 612).

Here, the mother's undisputed testimony at the hearing established that the reality of the situation reflects that neither parent can be said to have physical custody of the children for a majority of the time (see Matter of Cotter v Meng, 212 AD3d at 612-613; Matter of Smisek v [*2]DeSantis, 209 AD3d 142, 150-152). Thus, the father, as the parent with the higher income, was properly deemed the noncustodial parent for child support purposes (see Matter of Conway v Gartmond, 144 AD3d at 797).

The father's remaining contentions are without merit.

DUFFY, J.P., BARROS, WARHIT and OTTLEY, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court